IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK L. MONROE, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:16-CV-1693-G-BK |
| | § | (CRIMINAL CASE NO. 3:02-CR-126-G-1) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this civil action was referred to the undersigned United States magistrate judge for case management, including findings and a recommended disposition.  As detailed here, Movant Patrick L. Monroe's successive *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255* should be **DISMISSED** for lack of jurisdiction.

## I.    BACKGROUND

In July 2002, Monroe pled guilty to possessing a firearm after conviction of a felony offense and, on March 5, 2003, was sentenced under the Armed Career Criminal Act ("ACCA") to 180 months' imprisonment and a five-year term of supervised release.  Crim. Doc. 36.  He did not pursue a direct appeal, and his first motion for post-conviction relief under 28 U.S.C. § 2255 was dismissed as time barred.  *See Monroe v. United States*, No. 3:13-CV-02546-G-BK, 2013 WL 6199955 (N.D. Tex. Nov. 26, 2013) (R. & R. accepted).

Following the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding that the residual clause of the ACCA was unconstitutionally vague, the United States Court of Appeals for the Fifth Circuit tentatively granted Monroe's motion for authorization to file a

successive Section 2255 motion."[1]  *In re Monroe*, No. 16-10711, Crim. Doc. 45 at 2 (5th Cir.

June 13, 2016) ("Our assessment of Monroe's motion is limited by the records available to us,

and . . . the district court must dismiss the § 2255 motion without reaching the merits if it

determines that Monroe has failed to make the showing required by § 2255(h)(2).").  Through

appointed counsel, Monroe then filed the instant Section 2255 motion, challenging under

*Johnson* the prior Texas robbery, burglary, and aggravated assault convictions used to enhance

his federal sentence.  Doc. 1 at 7.  Subsequently, this case was stayed until after the Fifth Circuit,

sitting en banc, held that Texas burglary convictions no longer qualify as violent felonies and,

thus, cannot be used to enhance sentences under the ACCA.  Doc. 10; *United States v. Herrold*,

883 F.3d 517 (5th Cir. 2018) (en banc), *pet. for cert. filed*, Nos. 17-1445, 17-9127 (Apr. 18,

2018).

      The Government now argues that Monroe cannot satisfy the standard for a successive

Section 2255 motion—namely, make a *Johnson* predicate jurisdictional showing—and establish

that he was sentenced under the ACCA's residual clause.  The Government maintains that, when

Monroe was sentenced in 2003, all Texas burglary convictions, *see* TEX. PENAL CODE § 30.02(a),

were considered generic burglaries under the enumerated-offense clause of the ACCA, and that

his Texas aggravated assault and robbery convictions involved the use of force and, thus, fell

under the force clause of the ACCA.  Doc. 12 at 15 n. 5, 17.  Monroe replies that he has

---

[1] *Johnson* was made retroactive to cases on collateral review in *Welch v. United States*, — U.S. —, 136 S. Ct. 1257 (2016).

sufficiently shown *Johnson* error.  Doc. 17 at 5-7.  After reviewing the record and the applicable

law, the Court concludes that Monroe has failed to make the requisite jurisdictional showing.[2]

## II.    ANALYSIS

Before this Court can review Monroe's successive Section 2255 motion, he must make

the requisite jurisdictional showing under 28 U.S.C. § 2244(b)(2) and (4).  *United States v.*

*Wiese*, 896 F.3d 720, 723 (5th Cir. 2018), *cert. denied*, — S. Ct. —, 2019 WL 1231818 (Mar. 18,

2019) (finding a "prisoner must actually prove at the district court level that the relief he seeks

relies either on a new, retroactive rule of constitutional law or on new evidence").  Under the

most favorable standard, Monroe must show that the sentencing court "may have" relied on the

residual clause in imposing punishment under the ACCA.  *Id.* at 724-26.  ("The dispositive

question . . . is whether the sentencing court relied on the residual clause in making its sentencing

determination—if it did, then *Johnson* creates a jurisdictional predicate . . . to reach the merits of

[the] motion.").[3]

Considering first Monroe's prior Texas burglary conviction, *Wiese* dooms his *Johnson*

jurisdictional showing.  Like Wiese, when Monroe was sentenced in 2003, "all of § 30.02(a) was

considered generic burglary under the enumerated offenses clause of ACCA" and, thus,

subsequent decisions interpreting Texas burglary were of no effect.  *Wiese*, 896 F.3d at 725-26.

Consequently, there was no basis for this Court to consider the applicability of his prior burglary

---

[2] Although Monroe was released from confinement and is serving his term of supervised release,
his motion is not moot.  *See United States v. Lares-Meraz*, 452 F.3d 352, 355 (5th Cir. 2006).
Recently, the Court also denied his *Motion to Terminate Supervised Release*.  Crim. Doc. 51.

[3] Monroe preserves for further review three arguments: (1) Section 2244(b)(4)(D) does not apply
to Section 2255 motions, (2) the gatekeeping standard in Section 2244(b)(2) and (4) is not
jurisdictional, and (3) the district court was on notice that the prior burglary offense was non-
generic.  Doc. 17 at 2-3,7.

conviction under the ACCA's residual clause.  *See United States v. Winterroth*, — F. App'x —, 2019 WL 151332, at *2 (5th Cir. Jan. 9, 2019) (per curiam) (finding "a mere theoretical possibility that the sentencing court relied on the residual clause to sentence him" insufficient).

As for Monroe's two Texas convictions for aggravated assault with a deadly weapon, he again fails to make the requisite jurisdictional showing.  At the March 2003 sentencing hearing the Court did not explicitly state whether it relied on ACCA's force or the residual clause. However, at that time, aggravated assault with a deadly weapon under TEX. PENAL CODE § 22.02(a)(2) was viewed as a crime of violence under the ACCA's force clause because an element of the crime was "the use, attempted use, or threatened use of physical force against the person of another."  *See* 18 U.S.C. § 924(e)(2)(B)(i); Crim. Doc. 37 (*Sentencing Tr.*); *United States v. Martinez*, 962 F.2d 1161, 1168-69 (5th Cir. 1992) (holding Texas aggravated assault required "proof of the use or threat of physical force" and was therefore a violent felony under § 924(e)); *United States v. Shelton*, 325 F.3d 553, 557, 561 (5th Cir. 2003) (finding a predicate offense of misdemeanor assault, which required bodily injury, to require use of physical force).[4]

Consequently, there was nothing on the legal landscape at the time of sentencing that supports the conclusion that this Court's application of the ACCA as to Monroe's aggravated assault priors was based on anything other than the force clause.  *See Pryor v. United States*, No. CR-H-04-258, 2018 WL 7361007, at *5 (S.D. Tex. Oct. 31, 2018), *R. & R. adopted*, 2019 WL 699127 (S.D. Tex. Feb. 20, 2019) (holding that in 2005 aggravated assaults were viewed as

---

[4] Aggravated assault does not fall within the enumerated offenses in Section 924(e)(2)(B)(ii) (a violent felony "is burglary, arson, or extortion, [or] involves use of explosives").

crimes of violence under force clause).[5]  Indeed, defense counsel's decision not to challenge the

ACCA enhancement at sentencing further supports the conclusion that at the time Monroe was

sentenced, it was well settled that prior Texas aggravated assault offenses were classified as

crimes of violence under the force clause.  Crim. Doc. 37; Crim. Doc. 52-1 (*PSR Addendum*).

That notwithstanding, even if the sentencing Court had relied on the ACCA's residual

clause—thus implicating *Johnson*—Monroe cannot demonstrate prejudice because as the law

currently stands, his two Texas aggravated assault convictions are still viewed as crimes of

violence under the force clause.  *See United States v. Gomez Gomez*, 917 F.3d 332, 334 (5th Cir.

2019) (relying on *Reyes-Contreras* to conclude that Texas aggravated assault was crime of

violence under the force clause of 18 U.S.C. § 16(a)); *Bivins v. United States*, No. 3:16-CV-

1697-D-BK, 2019 WL 360538, at *2 (N.D. Tex. Jan. 9, 2019), *R. & R. adopted*, 2019 WL

358509, at *1 (N.D. Tex. Jan. 29, 2019) (collecting cases applying *Brecht v. Abrahamson*, 507

U.S. 619, 637 (1993), harmless error analysis to initial and successive *Johnson*-based Section

2255 motions and assessing prejudice based on current law).

In sum, Monroe has not met his burden to establish that, at a minimum, the Court "may

have" relied on the residual clause in sentencing him under the ACCA.  Consequently, *Johnson*

---

[5] The cases on which Monroe relies do not advance his assertions.  *United States v. Chapa-Garza*, 243 F.3d 921, 927 (5th Cir. 2001), *overruled by United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), interpreted the residual clause, not the force clause, of 18 U.S.C. § 16.  Moreover, the statute criminalizing injury to a child at issue in *United States v. Gracia-Cantu*, 302 F.3d 308 (5th Cir. 2002), *overruled by Reyes-Contreras*, 910 F.3d 169, did not require the perpetrator to use, attempt to use, or threaten to use physical force as, such, the force clause of Section 16(a) did not apply.  Additionally, *United States v. Villegas-Hernandez*, 468 F.3d 874, 879 (5th Cir. 2006), *overruled by Reyes-Contreras*, 910 F.3d 169, addressed simple assault under TEX. PEN. CODE 22.01—not aggravated assault—and, as such, it is clearly inapposite.

is not a jurisdictional predicate for his successive motion and the Court lacks jurisdiction to review his successive Section 2255 motion.[6]

## III.    CONCLUSION

For the foregoing reasons, Monroe's successive motion to vacate sentence under 28 U.S.C. § 2255 should be **DISMISSED** for want of jurisdiction.

**SO RECOMMENDED** on April 9, 2019.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[6] The Court need not reach the issue of whether Monroe's simple robbery conviction is a crime of violence under the ACCA's force clause. *See United States v. Burris*, 908 F.3d 152 (5th Cir. 2018) (withdrawing prior *Burris* opinion because of en banc decision in *Reyes-Contreras*, *supra*).